IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Leanne Kelemetc, | |
| Plaintiff, | |
| vs. | C.A. No. |
| Gil Klein TV and Appliance, Inc. d/b/a Kleins Brand Source; Doug Klein; and, Lynn Klein Iler, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## **COMPLAINT**

1. This is an action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (FLSA); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq; and, the Illinois Minimum Wage Act, 820 ILCS 105/1, et seq. (IMWA). Plaintiff will add claims under the Illinois Human Rights Act, 775 ILCS 5, et seq., after she receives appropriate administrative documents from the the Illinois Department of Human Rights.

## **Jurisdiction and Venue**

2. This court has subject matter jurisdiction over: (a) Counts I, II, and III under 28 U.S.C. §§ 1331, 1337 as plaintiff's claims involve federal questions and commerce and (b) Count IV under 28 U.S.C. § 1367 as plaintiff's claim in Count IV is so related to her claim in Counts III as to form part of the same case or controversy under Article III of the U.S. Constitution.

3. Venue is proper.

## **Parties**

4. Plaintiff Leanne Kelemetc is a former employee of defendant Gil Klein TV, and Appliance, Inc. d/b/a Kleins Brand Source ("Kleins Brand Source"). She is female.

5. Kleins Brand Source is an Illinois corporation doing business in Fairview Heights, Illinois.

6. Upon information and belief, defendant Doug Klein is part owner of Kleins Brand Source. Doug Klein acted directly in the interest of Kleins Brand Source.

7. Upon information and belief, defendant Lynn Klein Iler, or Lynn Iler, is an officer and part owner of Kleins Brand Source. Lynn Iler acted directly in the interest of Kleins Brand Source.

### Common Allegations

8. Plaintiff worked for Kleins Brand Source as a Service Writer from September 2016 to October 9, 2020.

9. As a Service Writer plaintiff worked in Kleins Brand Source's offices, scheduling service calls, ordering parts, processing warranty work, providing customer service, and bookkeeping.

10. Tammy Place was Kleins Brand Source's Office Manager from May 2016 to October 2020 and one of plaintiff's supervisors.

**Kleins Brand Source's owners and managers' sexually explicit comments to plaintiff**

11. Beginning in the first year of her employment and continuing throughout the 4 ½ years of plaintiff's employment, Kleins Brand Source owners and managers made offensive sexually explicit statements to plaintiff. They repeatedly called plaintiff a "track whore," "track ho," and "pole dancer." They asked plaintiff what pole she would work that night to make money and made other statements suggesting that plaintiff earned money by stripping. In addition, managers and employees used offensive language such as "f***" in text messages to plaintiff.

12. After the COVID pandemic began, someone left a picture of a stripper wearing a Hazmat suit on plaintiff's desk.

13. When plaintiff returned from a medical leave in 2019, Doug Klein asked her if she taken leave because she had gotten pregnant, suggesting that plaintiff had taken the leave to get an abortion.

### Plaintiff and Hartman complain about the sexual harassment

14. On multiple occasions, plaintiff complained to her immediate supervisor, Tammy Place, about the sexually harassing statements made by Kleins Brand Source's owners and managers.

15. In response to plaintiff's complaints, Place repeatedly excused the harassing behavior, telling plaintiff things like, "That's the Kleins, they can do whatever they want."

16. A former Kleins Brand Source employee and plaintiff's co-worker, Kathy Hartman, filed a discrimination and retaliation Charge of Discrimination against Kleins Brand Source, Doug Klein, and Lynn Iler on September 1, 2020. Hartman's retaliation claim was based on her opposition to the sexual harassment of plaintiff, including managers calling plaintiff a "track ho" and "pole dancer."

17. After defendants received Hartman's Charge, Doug Klein and Lynn Iler accused plaintiff of providing Hartman with information. Iler accused plaintiff of collaborating with Hartman. Iler tried to convince plaintiff that Hartman's allegations were unfounded and that defendants had done nothing wrong. Doug Klein and Iler told plaintiff that they had just been joking with plaintiff.

18. Iler tried to persuade plaintiff to write a statement to defendants' attorney in which plaintiff

would state that Kleins Brand Source's managers and employees' sexual comments did not offend her. Plaintiff refused.

### Plaintiff again requests that the harassment stop

19. In a September 2020 email, plaintiff asked Place to stop defendants' sexually explicit comments because the harassment was making it almost impossible for plaintiff to perform her work.

20. After plaintiff emailed Place, Doug Klein, and other managers stopped calling plaintiff a "track ho'" and "pole-dancer." Now, Doug Klein, Dave Klein, and other managers would start a sexual comment and then break off mid-sentence, followed by words to the effect of, "we can't say that anymore" or "we can't do that anymore."

### Plaintiff files a charge of discrimination, asks for help in getting the harassment stopped, and defendants retaliate

21. On October 6, 2020, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and the Illinois Department of Human Rights based on sex discrimination, sexual harassment, and retaliation.

22. Plaintiff notified defendants about her charge on the day she filed, again asking that Doug Klein and Lynn Iler stop the sexual harassment and hostile work environment so plaintiff could perform her job.

23. After plaintiff notified defendants about her charge, defendants and other managers refused to communicate with plaintiff even when that communication was needed for plaintiff to perform her job.

24. After plaintiff filed her Charge and made her request on October 6th, the harassment escalated.

### Constructive discharge

25. Plaintiff was off work on October 7th. On her next workday, October 8, the warranty website on plaintiff's computer stopped working. Without the warranty website, plaintiff could not perform part of her job. Despite plaintiff's requests, defendants did not fix the computer.

26. The next day, October 9th, plaintiff still had no access to the warranty website from her work computer. Instead, Place instructed plaintiff to train her [Place] on all aspects of plaintiff's job.

27. From the date Kleins Brand Source learned about plaintiff's Charge, managers and coworkers stopped communicating with plaintiff, even though plaintiff needed their input to perform her job.

28. Doug Klein disclosed confidential information from plaintiff's personnel file without plaintiff's consent.

29. Defendants constructively discharged plaintiff by: (a) creating and tolerating a hostile work environment based on sex, despite plaintiff's repeated attempts to get management to address the situation; (b) retaliating against her for complaining about gender-based harassment; (c) retaliating against her for cooperation in another employee's complaint of sexual harassment; (d) removing plaintiff's access to the tools necessary to perform her job and instructing her to train someone else; (e) disclosing personal information to others; and, (f) refusing to talk with plaintiff about job-related matters when necessary to perform the job.

**Charge of Discrimination and Notice of Right to Sue**

30. Plaintiff filed a second charge of discrimination with the EEOC and IDHR on November 16, 2020 based on sex discrimination and retaliation. *Exhibit 1*.

31. On August 20, 2021, the EEOC issued plaintiff a Notice of Right to Sue. *Exhibit 2*.

32. This complaint was filed within 90 days of plaintiff's receipt of Exhibit 2.

**Count I**
**Title VII Sex Discrimination Against Kleins Brand Source**

33. Paragraphs 1 through 32 are incorporated as though fully stated in this Count.

34. Defendant Kleins Brand Source discriminated against plaintiff based on sex, in violation of Title VII, 42 U.S.C. § 2000e-2 in her terms and conditions of employment by creating a hostile work environment and constructively discharging her based on gender.

35. As a direct and proximate cause of defendant's violation of Title VII, plaintiff has been damaged in that she has lost wages and benefits and suffered humiliation, loss of enjoyment of life, and other consequential damages.

36. Defendant acted with malice or reckless indifference of plaintiff's federally protected rights.

WHEREFORE, plaintiff asks the court to enter judgment in her favor and against defendant Kleins Brand Source for compensatory and punitive damages, attorneys' fees, costs, and such additional relief as is appropriate.

**COUNT II**
**Title VII Retaliation Against Kleins Brand Source**

37. Paragraphs 1 through 32 are incorporated as though fully stated in this Count.

38. Defendant Kleins Brand Source discriminated and retaliated against plaintiff, in violation of

Title VII, 42 U.S.C. § 2000e-3, because plaintiff opposed conduct that she reasonably believed was unlawful under Title VII and by creating a hostile work environment and constructively discharging plaintiff.

39. As a direct and proximate result of defendant's violation of Title VII, plaintiff has lost wages and benefits and suffered humiliation, loss of enjoyment of life, and other consequential damages.

40. Defendant acted with malice or reckless indifference of plaintiff's federally protected rights.

WHEREFORE, plaintiff asks the court to enter judgment in her favor and against defendant Kleins Brand Source compensatory and punitive damages, attorneys' fees, costs, and such additional relief as is appropriate.

## Count III
## Fair Labor Standards Act (FLSA) Against Kleins Brand Source

41. Plaintiff incorporates Paragraphs 1 through 32 as though fully set forth herein.

42. Kleins Brand Source gave plaintiff regular work hours of 8:30 AM to 5:00 PM, with a 30-minute lunch break. But Place and Lynn Iler instructed plaintiff to arrive at work no later than 8:15 AM.

43. Plaintiff regularly began her workday no later than 8:15 AM and often at 8:00 AM.

44. Plaintiff worked through her 30-minute lunch period every day.

45. Kleins Brand Source used an electronic timekeeping system and plaintiff clocked in and out each day by sliding her badge through a sensor.

46. Upon information and belief, Place repeatedly changed plaintiff's time as shown on the

timekeeping system so that it appeared that plaintiff had started at 8:30 AM, even when plaintiff had started work earlier.

47. Plaintiff complained to Place that Kleins Brand Source was not paying her and others properly for their time. She complained that: (a) Kleins was not paying overtime and (b) Kleins was deducting for a lunch break each day even though plaintiff and others worked during what was supposed to be their 30-minute lunch break.

48. Upon information and belief, Kleins Brand Source and its owners Doug Klein and Lynn Iler misstated other employees' time, by charging them for lunch breaks they did not take, failing to pay them overtime, and changing their start times.

49. Plaintiff worked 10 days every 2-week period.

50. Kleins, Doug Klein, and Lynn Iler underpaid plaintiff at least $38.13 every week from the time plaintiff started working at Kleins until plaintiff left Kleins.

51. Defendants employed plaintiff for more than forty hours in each week and failed to pay plaintiff compensation of at least one and one-half times the regular rate at which she was employed in violation of the FLSA, 29 U.S.C., § 207.

52. The regular rate at which plaintiff was employed was $15.25 per hour; one and one-half times plaintiff's regular rate was $22.87 per hour.

53. As a direct and proximate result of defendants' violation of the FLSA, plaintiff has been damaged.

WHEREFORE, plaintiff asks for judgment in her favor and against defendants in an amount to be established at trial for unpaid overtime compensation and liquidated damages as provided in

29 U.S.C. § 216(b), and for attorneys' fees and costs.

## Count IV
### Illinois Minimum Wage Law (Overtime)

54. Plaintiff incorporates Paragraphs 1 through 32 and 41 through 53 as though fully set forth herein.

55. Defendants employed plaintiff for more than forty hours in each week and failed to pay plaintiff compensation of at least one and one-half times the regular rate at which she was employed in violation of the overtime provision of the IMWL, 820 ILCS 4a.

56. The regular rate at which plaintiff was employed was $15.25 per hour; one and one-half times plaintiff's regular rate was $22.87 per hour.

57. As a direct and proximate result of defendants' violation of the IMWL, plaintiff has been damaged.

WHEREFORE, plaintiff asks for judgment in her favor and against defendants in an amount to be established at trial for unpaid overtime compensation plus the statutory remedies under 820 ILCS 105/12(a) which include treble damages, attorneys' fees, costs, and 5% of the amount of the underpayments for each month following the date of payment during which such payments remain unpaid.

/s/ Jill A. Silverstein
Jill A. Silverstein
js@silversteinwolf.com
Ferne P. Wolf
fw@silversteinwolf.com
SilversteinWolf, LLC
530 Maryville Centre Drive, Suite 460

St. Louis, MO 63141
314 744-4010/314 744-4026 (fax)